NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—December, 1887.

MATTER OF CONNER.

*In the matter of the estate of* JAMES M. CONNER, *de-
ceased.*

The only dispositive provision of testator's will directed the "executors
and executrix to distribute and apportion to my (his) wife and chil-
dren my (his) estate, *in such manner,*" and at such time as they
judged to be for the best interests of his wife and children, with
power to sell, and distribute the proceeds as they should deem best for
the interests of all.   The widow and three of the children were nomi-
nated executrix and executors.   The remaining three children were
infants.—

*Held,* that the beneficiaries were entitled to equal shares of the estate.

FOSTER & STEPHENS, *for proponents.*

W. H. HAMILTON, *special guardian.*

CONSTRUCTION of will upon application for probate.

THE SURROGATE.—The paper propounded as this
decedent's will is entitled to probate.   Its only dispos-
itive provision is in these words : " I hereby direct my
executors and executrix to distribute and apportion to
my wife and children" (then follow the names of the
children, six in number, of whom three are yet
minors) "my estate, *in such manner* and at such time
or times as shall in their judgment be for the best
interests of my wife and children, giving unto my
executors and executrix full power to sell such and so

much of my real and personal property as they shall deem best, and to invest or distribute the proceeds of such sale as they shall deem best for the best interests of all."

Three of the testator's children are then named as executors, and his wife is appointed executrix. I am asked by the special guardian of the infant children to construe the provision above quoted. He insists that it merely confers upon the decedent's representatives the authority contemplated by § 98 of title 2, chapter 1, part 2, of the Revised Statutes (3 Banks, 7th ed., 2191). It is by that section provided that, "Where a disposition under a power is directed to be made to or among or between several persons, *without any specification of the share or sum to be allotted to each*, all of the persons designated shall be entitled to an equal proportion."

It is claimed, on the other hand, by counsel for the proponents, that the will gives absolute authority to the executors and not merely a power in trust; and that, even if it must be interpreted as giving a power in trust, the character and extent of such power must be ascertained, not by reference to § 98 (*supra*), but by reference to § 99 of the same title. That section is as follows: "But when the terms of the power import that the estate or fund is to be distributed between the persons so designated *in such manner or proportions as the trustee of the power may think proper*, the trustee may allot the whole to any one or more of such persons, in exclusion of the other."

This is a holographic will. Its language does not satisfy me that its maker intended to empower his

executors to appropriate his entire estate to their own use, to the utter exclusion of two of his infant children, even though, in the exercise of their discretion, the executors should think that such appropriation would be for the best interests of such infant children, as well as of themselves. In prescribing that the distribution and apportionment should be made "in such *manner*" as should commend itself to the judgments of his executors, the testator did not, it seems to me, give or intend to give, any direction in respect to the *proportions* in which his beneficiaries should share his estate.

I hold, therefore, that they are all entitled to share equally in the ultimate distribution.